1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                      **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  BERENICE SALINAS-MONDRAGON, | Case No. 1:26-cv-00739 JLT EPG |
| 12            Petitioner, | ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER; REFERRING PETITION TO ASSIGNED MAGISTRATE JUDGE; ORDERING CONDITIONAL STAY OF REMOVAL |
| 13   v. | |
| 14   MOISES BECERRA, *et al.,* | |
| 15            Respondents. | (Doc. 2) |

17      Berenice Salinas-Mondragon is a 24-year-old citizen of Mexico who has been detained by

18  the Department of Homeland Security since December 30, 2025. (Doc. 10-1 at 1.) For the reasons

19  set forth below, her motion for a temporary restraining order is **DENIED**.

20  **I. Analysis**

21      Petitioner entered the United States in February 2024 and was encountered by US Border

22  Patrol agents soon thereafter "near the Sasabe Port of Entry in Arizona." (Doc. 10-1 at 2) About

23  two weeks later, she was released from custody and placed in the Alternatives to Detention

24  program. *Id*. On December 30, 2025, she was terminated from the program "due to failure to

25  remain in compliance with the program's conditions" most notably due to being arrested two

26  times for domestic violence in June 2024 and September 2024 respectively, and for domestic

27  violence and child abuse resulting in death or serious bodily injury on December 25, 2025. *Id*. at

28  3. Consequently, she was arrested by Immigrations and Customs Enforcement on December 30,

1    2025. *Id*.

2    About a month later, on January 28, 2026, petitioner's attorney filed the motion for a TRO
3    because petitioner had fallen ill while in custody, he was concerned that ICE detention officials
4    was not taking her condition seriously enough and because she had been taken from the facility,
5    but the attorney did not know where or why. (Doc. 2) The attorney alleged that petitioner had
6    been receiving insufficient care and asserted that "ICE has concealed [petitioner's] location and
7    medical status, denying access to counsel." *Id*. at 3. Counsel sought relief related to petitioner's
8    medical condition and to stay her immigration case, among other relief. *Id*. at 2.

9    In response, the same evening, the Court ordered respondents to disclose the location and
10   hospital to counsel and ordered them to show cause why the TRO should not be granted. (Doc. 5)
11   Respondents provided documentation that it informed counsel of petitioner's location. (Doc. 9)
12   They indicated also that she was taken to an area hospital on January 27, 2026 and after receiving
13   treatment, she was returned to the ICE detention facility the next day. *Id*. Respondents also filed
14   their response to the TRO and argue that the habeas petition should be denied because "a writ of
15   habeas corpus is not the proper remedy regarding claimed inadequacy of medical care. *Andrew v.*
16   *United States*, No. 1:22-CV-01290-KES-CDB, 2025 WL 2992303, at *11 (E.D. Cal. Oct. 24,
17   2025) (noting that civil rights claims, not habeas, are the proper instrument regarding claimed
18   inadequate medical care)." (Doc. 10)

19   In response counsel complains that respondents failed to provide medical records detailing
20   petitioner's condition. (Doc. 11) However, the Court purposefully did not require them to do so.
21   (Doc. 5) Counsel can obtain those records without the Court's involvement, should his client
22   agree to this, and requiring counsel or petitioner's family to obtain the records avoids disclosure
23   of petitioner's private medical information to those, including the respondents, who have no need
24   to have access to it.

25   In considering the relief sought in the TRO (Doc. 2 at 5), the Court concludes that the
26   requested injunctive relief is unwarranted. Apparently, petitioner underwent an appendectomy.
27   (Doc. 11 at 1) Her illness and treatment does not demonstrate that she should be released at this
28   time, nor does it justify the other relief sought.  Instead, the Court will refer this matter to the

2

assigned magistrate judge to be resolved on the merits.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) The request for a temporary restraining order and preliminary injunction (Doc. 2) is **DENIED.**

(2) This matter is referred to the assigned magistrate judge in accordance with Local Rule 302(b)(17).

(3) The Court refers the matter to the assigned magistrate judge for a determination on the merits. The Court sets the following briefing schedule, which may be modified by the magistrate judge as needed. Respondents SHALL file their responsive pleading within 30 days. Petitioner may file a traverse no later than 15 days after the respondents file their brief.

IT IS SO ORDERED.

Dated:   **January 30, 2026**

_____
UNITED STATES DISTRICT JUDGE