# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE SALINAS-MONDRAGON,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-00739-JLT-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND, DIRECTING PETITIONER TO FILE FIRST AMENDED PETITION, AND SETTING BRIEFING SCHEDULE<br><br>(ECF No. 15) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 28, 2026, Petitioner filed a petition of writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On February 2, 2026, the assigned district judge denied the motion for TRO, referred the matter to the undersigned for a determination on the merits, and set a briefing schedule. (ECF No. 12.) On February 28, 2026, Respondents filed an answer. (ECF No. 13.)

On March 6, 2026, Petitioner filed the instant motion to amend along with the proposed amended petition. (ECF No. 15.) To date, no opposition to the motion has been filed.

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Petitioner has moved for leave to file an amended petition because "[a]fter filing the initial petition, counsel obtained additional information regarding the circumstances surrounding Petitioner's detention" that "demonstrate that ICE escalated Petitioner's custody from supervision to detention without notice, hearing, bond review, or explanation" and "materially strengthen Petitioner's constitutional claims." (ECF No. 15 at 2.) As there is no evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman, 371 U.S. at 182, the Court finds that justice requires granting leave to amend.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Flam, 788 F.3d at 1046).

"It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas, 791 F.3d at 1164. Given that granting the motion to amend in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant the motion.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 15) is GRANTED;

2. Petitioner is DIRECTED to file the First Amended Petition ("FAP") within **SEVEN (7)** days of the date of service of this order;

3. Within **FOURTEEN (14) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the FAP. See Rule 4, Rules Governing Section 2254 Cases;[1] Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[2] A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the FAP. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the FAP.

4. Within **FOURTEEN (14) days** after service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the FAP. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

///

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

[2] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

3

5. If Respondent files an Answer to the FAP, Petitioner MAY FILE a Traverse within **FOURTEEN (14) days** of the date of service of Respondent's Answer. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the fourteen days.

6. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **FOURTEEN (14) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

IT IS SO ORDERED.

Dated:   **April 3, 2026**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE