**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BERENICE SALINAS-MONDRAGON,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00739-JLT-EPG (HC)

A-Number: 245-782-207

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART RESPONDENTS' MOTION TO DISMISS, GRANTING IN PART AND DENYING IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 17, 20, 23)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 6, 2026, the magistrate judge issued findings and recommendations, which concluded that Respondents' motion to dismiss be granted in part and denied in part, the first amended petition for writ of habeas corpus be granted on Count III and denied in all other respects, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 23.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On July 6, 2026, Respondents filed timely objections. (Doc. 24.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court

concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on July 6, 2026 (Doc. 23) are **ADOPTED IN FULL**.
2. Respondents' motion to dismiss (Doc. 20) is **GRANTED IN PART** and **DENIED IN PART**.
3. The first amended petition for writ of habeas corpus (Doc. 17) is **GRANTED** on Count III and **DENIED** in all other respects.
4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
5. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.
6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
7. The Clerk of Court is directed to serve the California City Immigration Processing Center in California City, California with a copy of this Order.

///

8. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _July 25, 2026_

UNITED STATES DISTRICT JUDGE